IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SHARMAR HILL,

          Petitioner,

v.                                    CIVIL ACTION NO. 5:09-cv-00056

TERRY BILLINGLY,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus [Docket 1]. By Standing Order entered on August 1, 2006, and filed in this case on January 20, 2009, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). On April 9, 2009, Magistrate Judge VanDervort filed his PF&R, recommending that the Court dismiss the petition and remove the matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to

a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R were due in this case by April 24, 2009, and Petitioner timely filed his Objections [Docket 11] on April 22, 2009.

At no point in Petitioner's objections does he address the Magistrate Judge's proposed findings or recommendation. Rather, his filing generally asserts that he is entitled to early release because he participated in the residential drug treatment program and paid his special assessment. Accordingly, because Petitioner's Objections [Docket 11] are general in nature and not addressed to a specific error in the PF&R, they are hereby **OVERRULED**.

Also pending before the Court is a Joint Motion to Rescind Standing Order [Docket 7], filed in conjunction with three other inmates at FCI Beckley. In that motion, Petitioner seeks an expedited ruling on his habeas petition on the grounds that 28 U.S.C. § 2243 "requires that the court, judge or justice entertaining petitions for writ[s] of habeas corpus to 'forthwith' either issue the writ or order the respondent to show cause why the writ should not be granted." (Docket 7 at 7.) However, Petitioner omits that portion of the statute that exempts a court from forthwith disposition where "it appears from the application that the applicant or person detained is not entitled [to relief]." 28 U.S.C. § 2243. Here, the magistrate judge found, upon a review of the petition, that Petitioner is not entitled to relief. Moreover, Petitioner has not cited any cases or presented any reason why the Court should vacate the standing order in this matter. Accordingly, Petitioner is not entitled to forthwith disposition and his Motion to Rescind Standing Order [Docket 7] is hereby **DENIED**.

Accordingly, the Court **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Docket 1] and **DIRECTS** the Clerk to remove the matter from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:     May 28, 2009

          _____
          THOMAS E. JOHNSTON
          UNITED STATES DISTRICT JUDGE